**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| RICHARD GREGA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-90-JDK-JDL |
| | § | |
| CITY OF CANTON, TEXAS c/o | § | |
| CITY SECRETARY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 16, 2026, Magistrate Judge John Love issued a Report and Recommendation recommending that the counterclaims raised by Defendants Barney Donalson and the Houston Mennonite Fellowship Church ("HMFC") be dismissed without prejudice. Docket No. 137. Donalson timely filed an objection to the Report, Docket No. 141, while HMFC filed its objection a day late, Docket No. 142. HMFC also filed motions for leave to file its second amended crossclaims. Docket Nos. 143, 146. The Court, having reviewed both objections and the motion for leave, finds that the Report and Recommendation should be adopted and the motions for leave should be denied.

**I. HMFC's Crossclaims**

HMFC did not file timely objections to the Report, being a day late. Docket No. 142. Four days after filing untimely objections, HMFC filed a motion for leave to file the objections late. Docket No. 149. HMFC argues that any neglect was excusable

due to imminent pending deadlines imposed in another matter by the state appellate court. *Id.*

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "When determining if excusable neglect exists, the Supreme Court has articulated four factors relevant to the analysis: (1) the danger of prejudice to the non-movant; (2) the length of the delay and the potential impact on the proceedings; (3) the reason for the delay, including whether it was in the control of the movant; and (4) whether the movant acted in good faith." *Expo Grp. LLC v. Purdy*, 2025 WL 28682, at *1 (N.D. Tex. Jan. 5, 2025) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation modified)).

Here, there is no prejudice to the non-movant who has not been served with the crossclaims in this matter, the delay was only a single day, and the purported reason was due to alleged overlapping directives from the state appellate court. Docket No. 149. Considering the factors, the Court finds that the untimely objections should be permitted.

Accordingly, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

*First*, HMFC objects on the grounds that Judge Love improperly applied judicial estoppel.  Docket No. 142 at 1.  Judge Love, however, did not apply the doctrine of judicial estoppel in the Report as grounds for dismissal.  HMFC's first objection is overruled.

*Second*, HMFC argues for "federal estoppel priority," stating that Judge Love should have given priority to estoppel in any federal action asserted over a state action. *Id.* at 2.  But again, Judge Love did not apply estoppel in his Report.  HMFC's second objection is overruled.

*Third*, HMFC argues that a Quest IRA lien predated the injunction and shows that Defendant Harber's interest was subordinate.  *Id.*  As alleged, Quest Trust Company accepted a deed-in-lieu-of-foreclosure on January 3, 2024.  Docket No. 134 at 5.  Judge Love made no finding as to this conveyance because HMFC alleges no facts in the live pleading that even suggests it had an interest in the Quest lien.  *Id.* HMFC's third objection is overruled.

HMFC's fourth objection relates again to a misconception that judicial estoppel was applied in this case.  *Id.*  That objection is accordingly overruled.

*Fifth*, HMFC makes conclusory objections regarding its satisfaction of alleging the requirements of *Monell*.  *Id.* at 2–3.  Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (*en banc*), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1415 (5th Cir. 1996).  HMFC's conclusory

objections fail to overcome the pleading deficiency regarding *Monell*. HMFC's fifth objection is overruled.

*Sixth*, HMFC seems to object to Judge Love's application of *Rooker-Feldman* based on a challenge to the state court action. Docket No. 142 at 3. This objection is meritless as Judge Love specifically found *Rooker-Feldman* to be inapplicable. Docket No. 137 at 6–9. HMFC's sixth objection is overruled.

*Seventh*, HMFC makes a vague objection with respect to due process. Docket No. 142 at 3. Rather than objecting to any specific finding of Judge Love, this objection makes arguments regarding alleged violations of federal law. When an objection lacks specificity, "the court need only satisfy itself that there is no clear error on the face of the record." FED. R. CIV. P. 72(b) advisory committee's notes to 1983 amendment. Finding no clear error or abuse of discretion and no conclusions contrary to law, the Court overrules HMFC's seventh objection.

For these reasons, the Court adopts the Report as it relates to HMFC's counterclaims.

## II. Donalson's Crossclaims

Donalson has timely filed objections to the Report. Docket No. 141. As stated above, where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo, examining the entire record and making an independent assessment under the law. 28 U.S.C. § 636(b)(1); *Alexander*, 875 F.3d at 249.

4

*First*, Donalson objects to the Report on the grounds that the Magistrate Judge failed to apply the lenient standard required for pro se litigants and instead imposed an improperly heightened pleading burden. Docket No. 141 at 1–2. It appears, however, that Judge Love provided the liberal deference afforded to pro se litigants when pleading. Judge Love even identified specific pleading deficiencies in Donalson's crossclaims and provided Donalson an opportunity to respond and amend his crossclaims. Docket No. 129. Donalson's first objection is overruled.

*Second*, Donalson objects that Judge Love exceeded his judicial authority by constructing legal defenses on behalf of Defendant Jami Harber, who never appeared in this case. Docket No. 141 at 2. But a look at the record shows that Judge Love screened the sufficiency of crossclaims that had not yet been served on Defendants. *See* Docket No. 137 at 5, 10. The Fifth Circuit has permitted such screening, *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991), so long as the Court provides notice of the Court's intention and an opportunity to respond, *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Because Judge Love provided notice of the fatal deficiencies in the crossclaim and gave an opportunity to respond, Donalson's second objection is overruled.

*Third*, Donalson objects to Judge Love's conclusion that he failed to allege a sufficient property interest. Docket No. 141 at 3–4. But Donalson fails to address specific facts that Judge Love relied on in making his recommendation, including Donalson's own prior admission that he had "no ownership rights" as of December 30, 2019. Docket No. 137 at 22. Donalson's third objection is overruled.

*Fourth*, Donalson objects on the grounds that he retains a legally protected interest in his father's gravesite and his own designated burial plot, which Judge Love did not address. Docket No. 141 at 4. It appears that Judge Love did not address this issue because facts regarding an alleged constitutionally-protected property interest in any gravesite were not included in the live pleading. In his amended crossclaim, Donalson mentioned burial rights only in passing in the context of being denied access to visit his father's gravesite. Docket No. 134 at 7–8. "Issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). Donalson's fourth objection is overruled.

*Fifth*, Donalson objects that the Report declared Jami Harber as the sole owner of the property and relied on the agreed judgment between the City and Jami Harber to do so. Docket No. 141 at 4. But the Report did neither of these things. *See* Docket No. 137. Donalson's fifth objection is overruled.

*Sixth*, Donalson objects that Judge Love improperly resolved factual disputes at the pleading stage by finding that Donalson did not have a plausible takings claim. Docket No. 141 at 5–6. This objection, however, relies on Donalson's earlier, already overruled objections regarding an alleged property interest. The Court does not find that the Report made any improper factual findings. Donalson's sixth objection is overruled.

*Seventh*, Donalson objects to the Report's characterization of his personal property losses as "incidental." Docket No. 141 at 6–7. The Report never made such

a determination. *See* Docket No. 137. Instead, the Report stated that Donalson's takings claim was deficient because he did not allege that the property was taken for public use. Donalson's seventh objection is overruled.

*Eighth*, Donalson objects for the first time that the City selectively enforced its occupancy permit requirements against the Mennonites' religious use while not taking similar action against other churches. Docket No. 141 at 7. Donalson fails to state a claim, however, because he provides no details about these other churches and their use of property. Regardless, the argument cannot be considered because "[i]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley*, 243 F.3d at 219. Donalson's eighth objection is overruled.

*Ninth*, Donalson objects that Judge Love, in his analysis of Donalson's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim, incorrectly characterized the City's actions as merely neutral building code enforcement. Docket No. 141 at 7–8. But as a threshold matter, Donalson fails to address his lack of standing to bring a RLUIPA claim, as determined by the Report. Docket No. 137 at 24. Though Donalson continues to assert arguments regarding land use and religious interference, he fails to allege facts that vest him with a property interest. He now points to a general quasi-property right in burial sites under Texas law, but again, these arguments were not raised in connection with his RLUIPA claim and further fail to establish a land use regulation. Donalson's ninth objection is overruled.

*Tenth*, Donalson objects that his argument regarding burial interests should be considered in terms of procedural and substantive due process.  In his live pleading, the first amended crossclaims, however, Donalson tied this claim only to his religious beliefs and his First Amendment claim.  *See* Docket No. 134 at 7–8. Despite having ample opportunity, Donalson simply has not pleaded that the allegation was a violation of his due process rights, so the Court need not consider it. *Finley*, 243 F.3d at 219.  Donalson's tenth objection is overruled.

Finally, looking at the claims generally, the Court concludes that Defendants HMFC and Donalson never alleged sufficient facts to assert that Jami Harber is a state actor and never pleaded *Monell* as to the City.  *See* Docket No. 129 at 10–11. Because all of Defendants' crossclaims brought pursuant to 42 U.S.C. § 1983 and RLUIPA may proceed against only a state actor or governmental entity, *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982), the Court adopts the Report's recommendation to dismiss these claims for this reason alone.  To be sure, Donalson tries to fix this problem in his objections by stating that Jami Harber and the City coordinated together, but arguments raised for the first time in the objections cannot be considered.  *Finley*, 243 F.3d at 219.

For these reasons, the Court adopts the Report as it relates to Donalson's counterclaims.

### III. HMFC's Motion for Leave to Amend

HMFC requests leave to file its second amended crossclaims, which it attaches for the Court's consideration.  Docket Nos. 143, 144, 146.  The Federal Rules instruct

courts to "freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), and the Rules "evince[] a bias in favor of granting leave to amend," *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). However, amendment can be denied when there is "(1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment." *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023). And ultimately, the decision to grant or deny leave "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012).

Here, HMFC first alleged the crossclaims in question approximately a year ago. Docket No. 30. The crossclaims were not viable then, failing to plead even threshold issues such as state action and *Monell*. Nor are they viable now, despite Judge Love's giving HMFC notice of the pleading deficiencies and ample opportunity to cure. Docket Nos. 129, 135. Indeed, even HMFC's second proposed amended crossclaims includes the same deficiencies highlighted by the Court, such as lacking specific facts that suggest a federal claim is viable. Docket No. 144. "[A]n amended complaint is futile 'if the complaint as amended would be subject to dismissal.'" *Matter of ABC Dentistry, P.A.*, 978 F.3d 323, 325 (5th Cir. 2020) (quoting *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)); *see also Young v. U.S. Postal Service ex rel. Donahoe*, 620 Fed. App'x. 241, 245 (5th Cir. 2015) ("Denial of leave to amend is appropriate where there is no indication that amendment would cure the defects in a

9

complaint."); *Edgar v. Anadarko Petroleum Corp.*, 2019 WL 1167786, at \*11 (S.D. Tex. Mar. 13, 2019) (denying leave to amend when plaintiff had amended twice without curing the pleading deficiencies).

For these reasons, the Court finds that the factors weigh against amendment.

\* \* \*

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Defendants' objections are without merit. Accordingly, the Court **OVERRULES** Donalson and HMFC's objections (Docket Nos. 141, 142) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 137) as the opinion of the District Court. The crossclaims raised by Donalson and HMFC are **DISMISSED without prejudice**. Consequently, Donalson and HMFC's joint motion for a hearing regarding the Report (Docket No. 148) is **DENIED** as moot. Furthermore, HMFC's motions for leave to amend (Docket Nos. 143, 146) are **DENIED**, and HMFC's motion for leave to file late objections (Docket No. 149) is **GRANTED**.

So **ORDERED** and **SIGNED** this **11th** day of **May, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

10